IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 5:08-CV-102(HL) |
| $11,000.00 in United States Funds, | : | |
| Defendant Property. | : | |

# ORDER

Before the Court are Claimant Joe Nathan Knight's Motion to Set Aside Default (Doc. 20) and Motion to Amend/Correct (Doc. 15), and the Government's Motion for Default Judgment (Doc. 21).[1] For the following reasons, Claimant's Motion to Set Aside Default and Motion to Amend/Correct are denied. The Government's Motion for Default Judgment is granted.

## I.  BACKGROUND

On April 2, 2008, the United States of America filed a Verified Complaint for Forfeiture (Doc. 1) against $11,000 in United States Funds. On April 4, 2008, copies of the Notice of Forfeiture, Verified Complaint, and Warrant for Arrest in Rem were

---

[1]The Government's Motion for Default Judgment was docketed as a Response to Claimant's Motion to Set Aside Default; however, the Response is titled as both a Motion for Default Judgment and a Response to Claimant's Motion to Set Aside. Moreover, in its Response, the Government requests that a default judgment be entered. Thus, the Court construes this document as both a Response to Claimant's Motion to Set Aside and a Motion for Default Judgment.

served on Claimant Knight through his counsel, John E. Morrison. These documents were also served on potential claimant Constance Hughes by certified mail. On April 20, 2008, the Government also posted a Notice of Civil Forfeiture on an official government internet site, www.forfeiture.gov. The posting was maintained on the site for at least 30 consecutive days.

On April 23, 2008, Claimant Knight filed an Answer (Doc. 5). The Answer did not contain a signature or a certificate of service; therefore, the Clerk of Court issued a Notice of Error in Filing (Doc. 6), directing Knight to refile his Answer properly. On April 24, 2008, counsel for the Government sent an email to Knight's counsel, Morrison. The email informed Morrison that the Answer was deficient and would need to be refiled as stated by the Clerk in the Notice of Error. The email also informed Morrison that, under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a claim to seized property must be filed before an answer.

On June 2, 2008, after Morrison did not respond to the Government's email, counsel for the Government sent a letter to Morrison via first-class mail. The substance of the letter was nearly identical to the email that was sent in April. In the letter, the Government informed Morrison that the Answer he attempted to file was not accepted by the Court, and that under Rule G, a claim verified by the claimant must precede the answer. The letter concluded by informing Morrison that the Government would not object to Claimant filing a tardy claim.

On June 24, 2008, Knight attempted to file a Claim (Doc. 8) to the Defendant Property. The Claim contained the same deficiencies as the Answer that was previously filed: it did not contain a signature or a certificate of service. The Claim was also not signed by the Claimant. Thus, the Clerk again issued a Notice of Error in Filing (Doc. 9), informing Knight that the Claim would have to be refiled. The Notice of Error also directed Knight to refile his Answer as requested by the Notice of Error that was issued in April. Knight did not refile his Claim or Answer.

On June 25, 2008, the Government filed an Application to Clerk for Entry of Default Against All Potential Claimants (Doc. 13), and on June 26, 2008, the Clerk entered default against all claimants, including, but not limited to, Knight and Hughes.

On July 2, 2008, Knight filed a Motion to Amend/Correct (Doc. 15) that consists of four blank pages. The Clerk, therefore, again issued a Notice of Error in Filing (Doc. 16). Several days later, Knight again attempted to file an Answer (Doc. 17). As with the Motion to Amend/Correct, Knight's Answer consisted of several blank pages, and the Clerk issued a Notice of Error in Filing (Doc. 19) for the fourth time.

On July 9, 2008, Knight filed the Motion to Set Aside Clerk's Entry of Default (Doc. 20) that is currently before the Court. This time, the document was filed properly and no error notice was issued. The Government opposes setting aside the entry of default against Knight and requests that a default judgment be entered

against all potential claimants. To date, Knight has not properly filed an answer or claim to the Defendant Property.

## II. DISCUSSION

### A. Motion to Set Aside Default

Obtaining a default judgment is a two-step process: first, the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default, the plaintiff can seek a default judgment. See Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); Carvajal v. Drug Enforcement Agency, 246 F.R.D. 374, 376 (D.D.C. 2007); Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004); 10 Moore's Fed. Practice § 55.10[1] (3d ed. 2007). An entry of default and subsequent entry of default judgment are approriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

When the Government files a complaint against seized property in a civil forfeiture action, the Government must "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant." Supp. Rule G(4)(b). When a claimant receives direct notice of a forfeiture action, a claim to seized property "may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter

is mailed)." 18 U.S.C. § 983(2)(B); see also Supp. Rule G(4)(b)(ii)(B), (5)(a)(ii)(A). Once a claimant has filed a claim to the seized property, the claimant must file an answer to the forfeiture complaint within 20 days after the claim was filed. Supp. Rule G(5)(a)(b).

Here, Knight is in default because he has not properly filed a claim. A Notice of Judicial Forfeiture (Doc. 3) was mailed to Knight on April 3, 2008. Thus, his claim was due no later than May 9, 2008. Knight did not attempt to file a claim until June 24, 2008, approximately a month and a half after the deadline for filing a claim expired. The Claim that Knight filed on that day, in addition to being untimely, was not signed by his attorney and was missing a certificate of service. See Fed. R. Civ. P. 11(a) (providing that all pleadings and motions must be signed by at least one attorney of record, and that the court must strike an unsigned paper); Fed. R. Civ. P. 5(d)(1) (providing that a certificate of service must be filed with any paper that is required to be served). The Claim was also improper because Knight did not sign it. See Supp. Rule G(5)(a)(i)(C) (providing that the claim must be signed by the claimant under penalty of perjury). Knight did not attempt to refile his Claim. Because Knight has not properly filed a claim to the Defendant Property, he is in default, and the Clerk appropriately made an entry of default against him.

The issue now before the Court is whether the Court should ignore Knight's failure to plead or otherwise defend this action and set aside the entry of default to allow him additional time to file a claim. A district court has the discretion to set

aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). It is an abuse of discretion for a district court to set aside a default where the defaulting party has not offered a good reason for doing so. African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (1999); In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987).

"'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one–but not so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)) (internal quotations omitted). Courts typically consider several factors when determining whether good cause exists: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the opposing party; (3) whether the defaulting party has a meritorious defense; (4) whether the public interest has been implicated; (5) whether default would cause significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default. Id. These factors are not exhaustive and district courts may consider others in determining whether "good cause" exists. Id. Nevertheless, a district court need not consider any other factors if the party "willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings." Id. at 951-52 (citing Shepard Claims Service, Inc. v. William Darrah & Assocs., 796 F.2d 190, 194-95 (6th Cir. 1986)). A default may deemed willful where the defaulting party has been

6

given multiple opportunities to comply with court orders but has failed to do so. Id. at 952.

In this case, Claimant Knight has exhibited, at a minimum, a reckless disregard for this judicial proceeding. Knight's first attempt at filing a document in this case occurred on April 23, 2008, when he attempted to file an Answer. The filing of the Answer was procedurally improper because in a civil forfeiture action a claimant must first file a claim. Not only was Knight's filing procedurally improper, but the Answer he filed was improper in form. The document was not signed nor did it contain a certificate of service. The Clerk promptly issued a Notice of Error that directed Claimant to refile the document. The Government's counsel also promptly contacted Knight's counsel by email to inform him that a claim should have been filed first, and that the Answer he attempted to file was rejected by the Court. Knight did not respond to either the Clerk's error notice, or the Government's email. Instead, he waited approximately eight weeks before he attempted to file his Claim on June 24, 2008, over six weeks past the deadline for filing a claim. To make matters worse, Knight's untimely Claim contained the same deficiencies as the Answer he previously attempted to file: it was not signed and it was missing a certificate of service. The Claim was also deficient because it was not signed by the Claimant. The Clerk thus issued a Notice of Error the same day he filed his Claim, again informing Knight that he needed to refile the document. Knight did not attempt to refile the Claim that day or the next, and thus the Government moved for an entry

of default the day after his Claim was rejected. Not until July 2, 2008, did Knight again attempt to file a document in this case. The document, which was blank, was rejected by the Clerk. Approximately a week later, on July 8, 2008, Knight attempted for a fourth time to file a document in this case when he attempted to file an Answer for the second time. That pleading was, however, rejected because it was a blank document. Also, because Knight had never filed a claim that was accepted by the Court, Knight's second attempt at filing his Answer was procedurally improper. Based on Knight's repeated failures to comply with the applicable deadlines, to follow the proper procedures, and to properly file documents, this Court finds that he has exhibited a reckless disregard for the judicial proceedings.

Knight's counsel has provided several justifications for his actions in this case, none of which convince the Court that he has not acted recklessly. First, Morrison asserts that in June 2008, he took a two-week leave of absence to prepare for a murder trial. This assertion overlooks the fact that the claim was due by May 9th, long before Morrison took his leave of absence. Also, Morrison's leave of absence and heavy work load do not excuse him from complying with the applicable deadlines. Finally, this asserted justification does not explain Morrison's failure to properly file his Claim once he attempted to do so.

Second, he contends that his Claim was untimely because he relied on assertions by the Government's counsel that the Government would not object to an out-of-time claim. This argument misses the point. The claim was due long before

the Government sent Morrison the letter in June 2008, informing him that the Government would not object to him filing a claim past the deadline. Thus, the Government's assurances provide no justification for his initial failure to comply with the deadline. Moreover, its assurances do not explain why Morrison continually failed to file the Claim properly once he attempted to do so. Morrison had previously been notified by the Clerk that his Answer was improperly filed, yet he ignored the Clerk's error notice and proceeded to file a Claim that, in addition to not being signed by the Claimant, contained the exact same infirmities as his first Answer.

Finally, Morrison asserts that his tardy Claim was improperly filed because he experienced difficulties with the "new" electronic filing system. This asserted justification does not constitute good cause. As an initial matter, it does not explain why he never attempted to file a claim before the deadline. Second, it is Morrison's duty to know how to properly file a document. Last, Morrison is familiar with the Court's "new" electronic filing system because he has represented parties in at least two actions since the Court switched to this "new" system over five years ago. See Case No. 5:06-CV-386 (CAR); Case No. 1:04-CV-10 (WLS). In 1:04-CV-10, Morrison did not exhibit any difficulties filing documents on behalf of his client. In the other case, 5:06-CV-386, Morrison represented the Claimant in a civil forfeiture proceeding. In that case, as in this case, Morrison attempted to file an answer before filing a claim, and the answer he did file in that case was error noticed by the Clerk because it was not signed and did not contain a certificate of service. Morrison

promptly remedied the defect in that case by properly filing the answer. Thus, not only should Morrison know how to properly file a document, but he should also be well aware that a claim must be filed before an answer in a civil forfeiture proceeding.

For these reasons, the Court finds that Claimant has not demonstrated good cause for setting aside the default.

### B.  Motion to Amend/Correct

Claimant's Motion to Amend/Correct, as the docket entry is styled, is four blank pages. Federal Rule of Civil Procedure 7(b) provides that a motion must, among other things, "state with particularity the grounds for seeking the order, and...state the relief sought." Claimant's blank Motion meets neither of these requirements; therefore, the Motion is denied.

### C.  Motion for Default Judgment

The Government has moved for a default judgment against all potential claimants to the Defendant Property. Claimant Knight and potential Claimant Hughes have failed to plead or otherwise defend this action, and the time for them to file a claim has passed because more than 35 days have elapsed since they were mailed a Notice of Forfeiture. See 18 U.S.C. § 983(2)(B).

The time has also passed for any other claimants to file a claim. As required by Supplemental Rule G(4)(a)(iv)(C), the Government posted a Notice of Civil

Forfeiture on an official government internet site for at least 30 consecutive days. Under Supplemental Rule G(5)(a)(ii)(B), potential claimants who do not receive direct notice are required to file a claim no later than 60 days after a notice of forfeiture is published on an official government site. Because more than 60 days have elapsed since the Notice was first published, any other potential claimants to the Defendant Property have failed to plead or otherwise defend this action.

For these reasons, the Court hereby grants the Government's Motion for Default Judgment. All right, title, and interest in the Defendant Property is hereby forfeited to and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

### III.   CONCLUSION

For the foregoing reasons, Claimant Knight's Motions are denied. The Government's Motion for Default Judgment is granted.

**SO ORDERED**, this the 27th day of January, 2009

*s/   Hugh Lawson*
**HUGH LAWSON, Judge**

dhc